# EXHIBIT A

21STCV20659

Electronically FILED by Superior Court of California, County of Los Angeles on 07/23/2021 02:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
<u>AMAZON.COM SERVICES LLC, a Delaware limited liability company</u>; See additional parties form attached

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EVANGELINE KIENTZ, a minor, by and through her Guardian ad Litem KRISTIN KIENTZ;
KRISTIN KIENTZ, an individual; and JASON KIENTZ, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90071 | CASE NUMBER: *(Número del Caso):*<br>21STCV20659 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Thomas J. Johnston, Esq. 350 S. Grand Ave., Ste. 2220, Los Angeles, CA 90071, 213-542-1978

| DATE:<br>*(Fecha)* 07/23/2021 | Sherri R. Carter Executive Officer / Clerk of Court   Clerk, by<br>*(Secretario)* | V. Delgadillo | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   **AMAZON.COM SERVICES LLC, a**
3. ☒ on behalf of *(specify):* **Delaware limited liability company**

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 7-27-2021

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Kientz et al. v. Amazon.com Services LLC et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

SHENZHENSHILUKEJINCHUKOU CO., LTD, a foreign limited company doing business as LUKE DIRECT; and DOES 1 through 100, inclusive,

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 11:58 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV20659

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Edward Moreton

JOHNSTON & HUTCHINSON LLP
350 South Grand Ave., Suite 2220
Los Angeles, CA 90071
Telephone:    (213) 542-1978
Facsimile:    (213) 542-1977
Thomas J. Johnston SBN 210506
*tjj@johnstonhutchinson.com*
Lauren Bullock SBN 136867
*lb@johnstonhutchinson.com*
Brian F. Needelman, SBN 284670
*bfn@johnstonhutchinson.com*

Attorneys for Plaintiffs

# SUPERIOR COURT OF CALIFORNIA

# COUNTY OF LOS ANGELES

| | |
|---|---|
| EVANGELINE KIENTZ, a minor, by and through her Guardian ad Litem KRISTIN KIENTZ; KRISTIN KIENTZ, an individual; and JASON KIENTZ, an individual; <br><br> Plaintiffs, <br><br> vs. <br><br> AMAZON.COM SERVICES LLC, a Delaware limited liability company; SHENZHENSHILUKEJINCHUKOU CO., LTD, a foreign limited company doing business as LUKE DIRECT; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.   21STCV20659 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Strict Product Liability <br> 2. Negligence <br> 3. Breach of Warranty <br> 4. Strict Liability for Marketing Defect <br> 5. Negligent Infliction of Emotional Distress <br><br> **JURY TRIAL DEMANDED** |

For Causes of Action against Defendants, and each of them, Plaintiffs, Evangeline Kientz, a minor, by and through her Guardian ad Litem Kristin Kientz, Kristin Kientz, an individual, and Jason Kientz, an individual, do hereby state and allege as follows:

1

COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS

1.     Plaintiff Evangeline Kientz (hereinafter "Evangeline"), a minor, is and at the time of the injury complained of herein, was a resident of the County of Los Angeles, State of California. Plaintiff brings this action by and through her mother and guardian ad litem Kristin Kientz.

2.     Plaintiff Kristin Kientz (hereinafter "Kristin"), an individual, is and at the time of the injury complained of herein, was a resident of the County of Los Angeles, State of California. Plaintiff Kristin is and was the loving mother of Plaintiff Evangeline.

3.     Plaintiff Jason Kientz, an individual, is and at the time of the injury complained of herein, was a resident of the County of Los Angeles, State of California. Plaintiff Jason is and was the loving father of Plaintiff Evangeline.

4.     On information and belief, Defendant Amazon.com Services LLC is and was at all relevant times a Delaware limited liability company doing business in the County of Los Angeles, State of California.

5.     On information and belief, Defendant Shenzhenshilukejinchukou Co., Ltd is and was at all relevant times a foreign limited company doing business as Luke Direct (Hereinafter, "Luke Direct") in the County of Los Angeles, State of California.

6.     In or about 2018, Plaintiffs Kristin and/or Jason ordered a toy from defendant Amazon's website. This toy, an "Orsen LCD writing tablet" was marketed on Amazon's website as an educational gift for young children, the exact type of product ordered by and for families with multi-child households.

7.     At all relevant times, Plaintiff Kristin and/or Plaintiff Jason did not know and had no reason to know that the toy's battery compartment could easily come open, revealing a lithium button battery that could just as easily fall out. Such lithium button batteries pose a severe risk to young children such as Evangeline if swallowed.

8.     On or about December 1, 2020, the toy's battery compartment opened and exposed the button battery. Plaintiff, Evangeline Kientz, (hereinafter "Evangeline"), ingested the battery, which became lodged in her esophagus. Plaintiff was transported to the emergency room, where the button battery was surgically removed. At that point, the battery had caused severe burn

2

injuries to Plaintiff Evangeline's esophagus. Plaintiffs are informed and believe and thereon allege that Plaintiff Evangeline's injuries have increased the risk for infection, choking, speech difficulties, and respiratory issues.

9.    Plaintiffs are informed and believe, and thereon allege, the toy was manufactured and/or sold by Defendant Luke Direct along with Defendant Amazon.

10.    Plaintiffs have sued Defendant Does 1 through 100, inclusive, pursuant to California *Code of Civil Procedure*, Section 474 on the basis that the Doe Defendants, and each of them, were and are responsible for the serious injury and damages suffered by the Plaintiffs. Plaintiffs have named such Doe Defendants fictitiously on the grounds that Plaintiffs are currently unaware of the names, identities and/or capacities of each of the Doe Defendants. Plaintiffs pray leave of Court to amend this pleading to include the Doe Defendants, and each of them, upon learning of the true names, identities and/or capacities of the Doe Defendants, and each of them.

11.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants, including the Doe Defendants, and each of them, were acting on their own behalf and as the agents, servants, joint venturers, alter egos, partners, and/or employees and representatives of each other and with the consent and permission of each of the remaining Defendants and were acting within the purpose, scope and authority of said agency, employment and representation.

12.    Plaintiffs are informed and believe and thereon allege that each Defendant, including the Doe Defendants, is in some manner responsible for the damages and injuries herein alleged, and gave consent to, ratified, and/or authorized the acts alleged herein as to each of the remaining Defendants.

13.    As a result of the defective toy and the injuries and damages to Plaintiffs, Plaintiffs have sustained physical, mental, emotional, and economic injuries in amount to be proven at trial and in excess of the jurisdictional minimums of this court.

///

///

///

3

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

### (For Strict Product Liability – By All Plaintiffs
### Against All Defendants)

14.    Plaintiffs incorporate by this reference each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

15.    At all times mentioned in this Complaint, Amazon, Luke Direct, and Does 1 through 100, inclusive, and each of them, were in the business of designing, manufacturing, marketing, selling, shipping, and distributing children's toys, including the subject toy, the "Orsen LCD Writing Tablet."

16.    Following its manufacture, Amazon, Luke Direct, Does 1 through 100, and each of them, placed the subject toy into the stream of commerce in the United States and, by such action, became liable under the doctrine of strict liability in tort for injuries and damages caused by or arising out of defects in the design, manufacture or marketing of the subject toy.

17.    At all times mentioned in this Complaint, Defendant Does 1 through 100, inclusive, and each of them, were component part manufacturers, designers, marketers and distributors of components part(s) which were incorporated and installed on the subject toy and which were defective.

18.    At all times mentioned in this Complaint, the Orsen LCD Writing Tablet was defective because it contained a lithium button battery that was not properly secured or child proofed, even though the product was marketed for small children.  The Defendants knew or should have known that these batteries were hazardous to small children because if swallowed they can lead to serious injury by chemical burns inside the body which can persist even after removal.

19.    The subject toy was also defective as marketed and sold in that Defendants, and each of them, failed to warn of the dangerous conditions of the subject toy.

20.    The defects in the subject toy were the direct and proximate cause of Plaintiff Evangeline's injuries.

21.    As a direct and proximate result of the dangerous and defective condition of the subject toy, Plaintiff Evangeline was injured.

4

## SECOND CAUSE OF ACTION

### (For Negligence – By All Plaintiffs Against All Defendants)

22.    Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

23.    At all times mentioned herein, Defendants Amazon, Luke Direct, and Does 1 through 100, inclusive, had a duty of reasonable care to all potential purchasers of their children's toy products to properly design, manufacture, assemble, install, fabricate, develop, distribute, advertise, sell, maintain, service, replace, modify, advise and warn with regard to the subject toy.

24.    Said Defendants, and each of them, negligently failed to properly design, manufacture, assemble, install, fabricate, develop, distribute, advertise, sell, maintain, service, replace, modify, advise and warn with respect to the defects in the subject toy.

25.    The negligent acts and omissions of said Defendants, and each of them, was the proximate and legal cause of the accident which injured the Plaintiff Evangeline thereby causing harm and damage to the Plaintiffs.

## THIRD CAUSE OF ACTION

### (For Breach of Warranty Implied Warranty of Fitness and Merchantability
### By All Plaintiffs Against All Defendants)

26.    Plaintiffs incorporate by this reference each of the allegations contained in the preceding of this Complaint as though fully set forth herein.

27.    Amazon, Luke Direct, Does 1-100, and each of them, by and through the sale of the subject toy, impliedly warranted to the public and the Plaintiffs that the subject toy was a children's toy and was fit for the purposes for which it was intended, including use by young children, and was merchantable.

28.    The subject toy was used in a foreseeable manner, as alleged herein.  Plaintiffs relied on the implied warranties in purchasing the subject toy.

29.    Defendants, and each of them, breached the implied warranties of fitness and merchantability in that the subject toy was not fit for the intended use because of its defective battery compartment and battery which rendered the subject toy unreasonably dangerous.

5

30.     Said Defendants' breach of warranties rendered the subject toy unreasonably dangerous and was a proximate cause of Plaintiffs' resulting injuries and damages.

## FOURTH CAUSE OF ACTION

### (For Strict Liability for Marketing Defect – By Plaintiffs

### Against All Defendants)

31.     Plaintiffs incorporate by this reference each of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

32.     Plaintiffs are informed and believe, that Defendant Amazon and Does 1 through 100, inclusive, and each of them, are online retailers that market and sell products to customers. Plaintiffs are further informed and believe, and thereon allege, that Defendant Amazon and Does 1 through 100 owed Plaintiffs a duty to properly inspect, and perform required maintenance and repair of the subject toy prior to advertising, marketing and selling the subject toy to Plaintiffs. Defendant Amazon and Does 1 through 100, inclusive, and each of them, assumed a duty of care to every potential retail purchaser of the subject toy, including the Plaintiffs, to perform these activities within the standard of care.

33.     Plaintiffs are informed and believe, and thereon allege that Defendant Amazon and Does 1 through 100, inclusive, and each of them, breached the duty of care in that they failed to properly inspect, and perform required maintenance and repair of the subject toy including, but not limited to the battery compartment and battery.  Amazon sold the subject toy to Plaintiffs in a defective condition, including but not limited to a defective battery compartment and battery. Amazon knew that the subject toy was unfit for play by children; the battery compartment was easily accessible, and the battery dislodged, which led directly to Plaintiff Evangeline ingesting the battery and sustaining injuries and damages.

34.     As a direct and proximate cause of the negligence alleged herein, Plaintiffs have been damaged as more particularly described above.

6

## FIFTH CAUSE OF ACTION

**(For Negligent Infliction of Emotional Distress – By All Plaintiffs Against All Defendants)**

35. Plaintiffs incorporate by this reference each of the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

36. Plaintiffs bring this cause of action for Plaintiff Evangeline's emotional injuries sustained as a result of the above-described ingestion of a battery and Plaintiffs Kristin and Jason's severe emotional distress as bystander victims.

37. Defendants, and each of them, had a legal duty to Plaintiffs, as foreseeable victims, to exercise reasonable care as set forth herein. Defendants' breach was the legal and proximate cause of the injuries and damages suffered by Plaintiff Evangeline Kientz, as alleged above.

38. As a further result of the negligent conduct of Defendants, and each of them, Plaintiffs suffered serious emotional distress. Defendants knew or should have known that Plaintiffs would be harmed and suffer serious emotional distress during and as a result of their acts, omissions, conduct and/or other wrongdoing, and ensuing injury to Evangeline. Defendants knew or should have known that their conduct would cause serious emotional distress to Plaintiff Evangeline. The Defendants' conduct was a substantial factor in causing Plaintiff Evangeline's serious emotional distress.

39. Additionally, Defendants, and each of them, negligently caused severe emotional distress to Plaintiffs Kristin and Jason. Plaintiffs Kristin and Jason were present when Evangeline was choking on the battery and watched the horrific scene in person. Plaintiffs were aware that their loved one, their daughter Evangeline was injured. The Defendants' conduct was a substantial factor in causing Plaintiffs' serious emotional distress.

40. Because of the conduct of the Defendants, and each of them, and as a direct and proximate result thereof, Plaintiffs have sustained emotional distress, shock and emotional injury, all of which has caused, continues to cause, and will cause physical and mental pain and suffering, all to Plaintiffs' general damage in a sum to be determined at the time of trial. Plaintiffs suffer and

7

COMPLAINT FOR DAMAGES

continue to suffer severe emotional distress as a result of Defendants' negligence, including, but not limited to, anxiety, fear, nervousness, shock, horror and worry.

41. As a direct and legal result of Defendants' negligence, Plaintiffs Kristin and Jason witnessed a close family member, their daughter Evangeline sustain serious injury.  Evangeline herself suffered serious injury and incidental traumatic experiences. As a result, Plaintiffs, and each of them, suffered serious emotional distress all to their general damage in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, as follows:

1.    General Damages;

2.    Past medical and incidental expenses incurred;

3.    Future medical and incidental expenses;

4.    Actual loss of earnings according to proof and loss of earning capacity;

5.    For costs of suit incurred herein; and,

6.    For such other and further relief as the court may deem just and proper.

DATED: June 2, 2021                               JOHNSTON & HUTCHINSON LLP

By: *Thomas J. Johnston*
THOMAS J. JOHNSTON
LAUREN BULLOCK
BRIAN NEEDELMAN
Attorneys for Plaintiffs

8

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a trial by jury on all issues so triable.

DATED: June 2, 2021                    JOHNSTON & HUTCHINSON LLP

By:   *Thomas J. Johnston*

THOMAS J. JOHNSTON
LAUREN BULLOCK
BRIAN NEEDELMAN
Attorneys for Plaintiffs

9

COMPLAINT FOR DAMAGES

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>06/02/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br><br>By: _____ C. Monroe _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV20659 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Edward B. Moreton | 27 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 06/04/2021
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 11:58 AM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV20659

| SHORT TITLE: Kientz et al. v. Amazon.com Services LLC et al. | CASE NUMBER 21STCV20659 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐  A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐  A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐  A6070  Asbestos Property Damage<br>☐  A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☑  A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐  A7210  Medical Malpractice - Physicians & Surgeons<br>☐  A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐  A7250  Premises Liability (e.g., slip and fall)<br>☐  A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐  A7270  Intentional Infliction of Emotional Distress<br>☐  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Kientz et al. v. Amazon.com Services LLC et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Kientz et al. v. Amazon.com Services LLC et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Kientz et al. v. Amazon.com Services LLC et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐7. ☐ 8. ☐ 9. ☐ 10. ☑ 11. | ADDRESS:<br>1412 Stanford Ave. Unit F |
|---|---|
| CITY:<br>Redondo Beach | STATE:<br>CA | ZIP CODE:<br>90278 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 6/2/21

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Thomas J. Johnston, Esq. SBN 210506<br>350 S. Grand Ave., Ste. 2220<br>Los Angeles, CA 90071<br><br>TELEPHONE NO.: 213-542-1978    FAX NO. *(Optional):* 213-542-1977<br>ATTORNEY FOR *(Name):* Plaintiffs | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Kientz et al. v. Amazon.com Services LLC et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter | [ ] Joinder | |
| | | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [x] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more
      issues that will be time-consuming to resolve       courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence       court
                                                        f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: June 2, 2021
Thomas J. Johnston, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**   CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

**CIVIL CASE COVER SHEET**

CIV-010

ATTORNEY *(Name, State Bar number, and address):*
Thomas J. Johnston -SBN: 210506, Lauren Bullock SBN 136867
Brian F. Needelman -SBN: 284670
JOHNSTON & HUTCHINSON LLP
350 S. Grand Avenue, Suite 2220, Los Angeles, CA 90071
TELEPHONE NO.:  (213) 542-1978   FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*  tjj@johnstonhutchinson.com
ATTORNEY FOR *(Name):*  Plaintiffs

| FOR COURT USE ONLY |
| --- |
| **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**06/28/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Valanzuela _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS:  111 North Hill Street
MAILING ADDRESS:  111 North Hill Street
CITY AND ZIP CODE:  Los Angeles, 90012
BRANCH NAME:  Stanley Mosk

PLAINTIFF/PETITIONER:  Evangeline Kientz, et al.

DEFENDANT/RESPONDENT:  Amazon.com Services LLC, et al.

| APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL<br>☐ EX PARTE | CASE NUMBER:<br>21STCV20659 |
| --- | --- |

*NOTE: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law or juvenile proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual cannot act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.*

1. Applicant *(name):* Kristin Kientz                                      is
   a. ☑ the parent of *(name):*  Evangeline Kientz
   b. ☐ the guardian of *(name):*
   c. ☐ the conservator of *(name):*
   d. ☐ a party to the suit.
   e. ☐ the minor to be represented *(if the minor is 14 years of age or older).*
   f. ☐ another interested person *(specify capacity):*

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number):*
   Kristin Kientz
   5433 Autry Avenue, Lakewood, CA 90712
   (980)355-1888

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number):*
   Evangeline Kientz
   5433 Autry Avenue, Lakewood, CA 90712
   (980)355-1888

4. The person to be represented is:
   a. ☑ a minor *(date of birth):* 07/26/2019
   b. ☐ an incompetent person.
   c. ☐ a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. ☑ the person named in item 3 has a cause or causes of action on which suit should be brought *(describe):*
      Minor was injured due to a product defect.

☐ Continued on Attachment 5a.

Page 1 of 2

**APPLICATION AND ORDER FOR APPOINTMENT<br>OF GUARDIAN AD LITEM—CIVIL**   Code of Civil Procedure,<br>§ 372 et seq.

Electronically Received 06/24/2021 12:58 PM

CIV-010

| PLAINTIFF/PETITIONER: Evangeline Kientz, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Amazon.com Services LLC, et al. | 21STCV20659 |

5.  b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☐ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☐ the appointment of a guardian ad litem is necessary for the following reasons *(specify):*

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☑ related *(state relationship):* Mother
b. ☐ not related *(specify capacity):*

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. *(If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):*

☐ Continued on Attachment 7.

| Brian F. Needelman | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF ATTORNEY) |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

| Kristin Kientz | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF APPLICANT) |

## CONSENT TO ACT AS GUARDIAN AD LITEM

I consent to the appointment as guardian ad litem under the above petition.
Date:

| Kristin Kientz | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PROPOSED GUARDIAN AD LITEM) |

## ORDER ☐ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that *(name): Kristin Kientz*
is hereby appointed as the guardian ad litem for *(name): Evangeline Kientz*
for the reasons set forth in item 5 of the application.
Date: 06/28/2021

| | |
|---|---|
| | JUDICIAL OFFICER |
| | ☐ SIGNATURE FOLLOWS LAST ATTACHMENT |

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM—CIVIL**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Elizabeth Mims

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"EFiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) **MANDATORY ELECTRONIC FILING**

a) **Trial Court Records**

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) **Represented Litigants**

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) **Public Notice**

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

1      d) **Documents in Related Cases**

2          Documents in related cases must be electronically filed in the eFiling portal for that case type if

3          electronic filing has been implemented in that case type, regardless of whether the case has

4          been related to a Civil case.

5  **3) EXEMPT LITIGANTS**

6      a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7         from mandatory electronic filing requirements.

8      b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9         Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10        from filing documents electronically and be permitted to file documents by conventional

11        means if the party shows undue hardship or significant prejudice.

12 **4) EXEMPT FILINGS**

13     a) The following documents shall not be filed electronically:

14        i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15            Civil Procedure sections 170.6 or 170.3;

16        ii)  Bonds/Undertaking documents;

17        iii) Trial and Evidentiary Hearing Exhibits

18        iv) Any ex parte application that is filed concurrently with a new complaint including those

19            that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20        v)   Documents submitted conditionally under seal. The actual motion or application shall be

21            electronically filed. A courtesy copy of the electronically filed motion or application to

22            submit documents conditionally under seal must be provided with the documents

23            submitted conditionally under seal.

24     b) **Lodgments**

25        Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26 paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27 //

28 //

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

   a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

   b) The table of contents for any filing must be bookmarked.

   c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

   d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

      i) Depositions;

      ii) Declarations;

      iii) Exhibits (including exhibits to declarations);

      iv) Transcripts (including excerpts within transcripts);

      v) Points and Authorities;

      vi) Citations; and

      vii) Supporting Briefs.

   e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

   f) Accompanying Documents

   Each document accompanying a single pleading must be electronically filed as a separate digital PDF document.

   g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

b) **Writs and Abstracts**

Writs and Abstracts must be submitted as a separate electronic envelope.

i) **Sealed Documents**

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) **Redaction**

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) **ELECTRONIC FILING SCHEDULE**

a) **Filed Date**

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) **EX PARTE APPLICATIONS**

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

1      b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2      day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte

3      application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5      a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6      be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If

7      the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8      by 10:00 a.m. the next business day.

9      b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10     electronic submission) is required for the following documents:

11        i) Any printed document required pursuant to a Standing or General Order;

12        ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26

13        pages or more;

14        iii) Pleadings and motions that include points and authorities;

15        iv) Demurrers;

16        v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17        vi) Motions for Summary Judgment/Adjudication; and

18        vii) Motions to Compel Further Discovery.

19      c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20     additional documents. Courtroom specific courtesy copy guidelines can be found at

21     www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23      a) Fees and costs associated with electronic filing must be waived for any litigant who has

24     received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25     1010.6(d)(2).)

26      b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27     section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be

28     electronically filed in any authorized action or proceeding.

6

2019-GEN-014-00

1) **SIGNATURES ON ELECTRONIC FILING**

For purposes of this General Order, all electronic filings must be in compliance with California Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil Division of the Los Angeles County Superior Court.

This First Amended General Order supersedes any previous order related to electronic filing, and is effective immediately, and is to remain in effect until otherwise ordered by the Civil Supervising Judge and/or Presiding Judge.

DATED: May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



Superior Court of California
County of Los Angeles



Los Angeles County
Bar Association
Litigation Section

Los Angeles County
Bar Association Labor and
Employment Law Section



Consumer Attorneys
Association of Los Angeles

Southern California
Defense Counsel

Association of
Business Trial Lawyers



California Employment
Lawyers Association

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: | |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department,

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

STIPULATION – DISCOVERY RESOLUTION

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

The following parties stipulate:

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

Date:
_____
(TYPE OR PRINT NAME)

>
_____
(ATTORNEY FOR PLAINTIFF)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR _____)

>
_____
(ATTORNEY FOR _____)

>
_____
(ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| STIPULATION -- EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ (INSERT DATE) for the complaint, and _____ (INSERT DATE) for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(ATTORNEY FOR _____)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:       FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE | CASE NUMBER: |
|---|---|
| (pursuant to the Discovery Resolution Stipulation of the parties) | |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:               FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

| | |
|---|---|
| PLAINTIFF: | |
| DEFENDANT: | |

| | |
|---|---|
| **STIPULATION AND ORDER — MOTIONS IN LIMINE** | CASE NUMBER: |

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|

**The following parties stipulate:**

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

Date: _____
_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR DEFENDANT)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

> _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

---

### How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

These organizations **cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

JOHNSTON & HUTCHINSON LLP
350 South Grand Ave., Suite 2220
Los Angeles, CA 90071
Telephone:   (213) 542-1978
Facsimile:    (213) 542-1977
Thomas J. Johnston SBN 210506
*tjj@johnstonhutchinson.com*
Nicholas M. Hutchinson SBN 221870
*nmh@johnstonhutchinson.com*
Lauren Bullock SBN 136867
*lb@johnstonhutchinson.com*
Brian F. Needelman, SBN 284670
*bfn@johnstonhutchinson.com*

Attorneys for Plaintiffs

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| EVANGELINE KIENTZ, a minor, by and through her Guardian ad Litem KRISTIN KIENTZ; KRISTIN KIENTZ, an individual; and JASON KIENTZ, an individual; <br><br>       Plaintiffs, <br><br> vs. <br><br> AMAZON.COM SERVICES LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, <br><br>       Defendants. | CASE NO.  21STCV20659 <br><br> **FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. Strict Product Liability <br> 2. Negligence <br> 3. Breach of Warranty <br> 4. Strict Liability for Marketing Defect <br> 5. Negligent Infliction of Emotional Distress <br><br> **JURY TRIAL DEMANDED** |

For Causes of Action against Defendants, and each of them, Plaintiffs, Evangeline Kientz, a minor, by and through her Guardian ad Litem Kristin Kientz, Kristin Kientz, an individual, and Jason Kientz, an individual, do hereby state and allege as follows:

///

///

1

## **GENERAL ALLEGATIONS**

1.      Plaintiff Evangeline Kientz (hereinafter "Evangeline"), a minor, brings this action by and through her mother and guardian ad litem Kristin Kientz.

2.      Plaintiff Kristin Kientz (hereinafter "Kristin"), an individual, is and at the time of the injury complained of herein, was the mother of Plaintiff Evangeline.

3.      Plaintiff Jason Kientz (hereinafter "Jason"), an individual, is and at the time of the injury complained of herein, was the father of Plaintiff Evangeline.

4.      On information and belief, Defendant Amazon.com Services LLC ("Amazon") is and was at all relevant times a Delaware limited liability company doing business in the County of Los Angeles, State of California.

5.      In or about 2018, Plaintiffs Kristin and/or Jason ordered a toy from defendant Amazon's website. This toy was sold under the trade name "Orsen LCD writing tablet" and was marketed on Amazon's website as an educational gift for young children, the exact type of product ordered by and for families with multi-child households. The toy was powered by a lithium battery that was stored in a battery compartment that could easily open when the toy was used in a foreseeable way.  This is sometimes described as a button battery because it is round and thin like a button.

6.      On or about December 1, 2020, the toy's battery compartment opened and exposed the button battery.  Plaintiff Evangeline Kientz, hereinafter "Plaintiff" or "Evangeline," ingested the battery, which became lodged in her esophagus.  Evangeline was transported to the emergency room, where the button battery was surgically removed.  At that point, the battery had caused severe burn injuries to Evangeline's esophagus causing life-long injury including but not limited to the increased the risk for infection, choking, speech difficulties, and respiratory issues.

7.      Plaintiffs are informed and believe, and thereon allege, the toy was designed, and /or manufactured and/or distributed by Chinese company Shenzhenshilukejinchukou Co., LTD., doing business under the tradename Luke Direct.   The product was then sold by Defendant Amazon through its website.

2

8. Plaintiffs have sued Defendant Does 1 through 100, inclusive, pursuant to California *Code of Civil Procedure*, Section 474 on the basis that the Doe Defendants, and each of them, were and are responsible for the serious injury and damages suffered by the Plaintiffs. Plaintiffs have named such Doe Defendants fictitiously on the grounds that Plaintiffs are currently unaware of the names, identities and/or capacities of each of the Doe Defendants. Plaintiffs pray leave of Court to amend this pleading to include the Doe Defendants, and each of them, upon learning of the true names, identities and/or capacities of the Doe Defendants, and each of them.

9. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants, including the Doe Defendants, and each of them, were acting on their own behalf and as the agents, servants, joint venturers, alter egos, partners, and/or employees and representatives of each other and with the consent and permission of each of the remaining Defendants and were acting within the purpose, scope and authority of said agency, employment and representation.

10. Plaintiffs are informed and believe and thereon allege that each Defendant, including the Doe Defendants, is in some manner responsible for the damages and injuries herein alleged, and gave consent to, ratified, and/or authorized the acts alleged herein as to each of the remaining Defendants.

11. As a result of the defective toy and the injuries and damages to Plaintiffs, Plaintiffs have sustained physical, mental, emotional, and economic injuries in amount to be proven at trial and in excess of the jurisdictional minimums of this court.

## FIRST CAUSE OF ACTION

### For Strict Product Liability

### (By Plaintiff Evangeline Kientz Against All Defendants)

12. Plaintiffs incorporate by this reference each allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

13. At all times mentioned in this Complaint Amazon and Does 1 through 100, inclusive, and each of them, were in the business of designing, manufacturing, marketing, selling, shipping,

3

and distributing consumer products, including the "Orsen LCD Writing Tablet" (hereinafter, "subject toy").

14.     Following its manufacture, Amazon, and Does 1 through 100, and each of them, placed the subject toy into the stream of commerce in the United States and, by such action, became liable under the doctrine of strict liability in tort for injuries and damages caused by or arising out of defects in the design, manufacture or marketing of the subject toy.

15.     At all times mentioned in this Complaint, Defendant Does 1 through 100, inclusive, and each of them, were component part manufacturers, designers, marketers and distributors of the subject toy and/or components part(s) that were incorporated and installed on the subject toy and that were defective.

16.     At all times mentioned in this Complaint, the Orsen LCD Writing Tablet was defective because it contained a lithium button battery that was not properly secured or child proofed, even though the product was marketed for small children.  The Defendants knew or should have known that these batteries were hazardous to small children because there is a serious risk they will be swallowed and if swallowed they can lead to serious injury by chemical burns inside the body which can persist even after removal.

17.     The subject toy was also defective as marketed and sold in that Defendants, and each of them, failed to warn of the dangerous conditions of the subject toy.

18.     As a direct and proximate result of the dangerous and defective condition of the subject toy, Plaintiff Evangeline was injured, as alleged above.

19.     As a result of the dangerous and defective condition of the subject toy, as aforesaid, Plaintiff Evangeline sustained personal injuries and damages including:

(a)     Injuries to her body and limbs, including severe burns to her esophagus, all to her general damage in a monetary sum;

(b)     Necessary medical expenses in an amount not yet fully ascertainable;

(c)     Necessary incidental expenses and other economic damages in an amount not yet fully ascertainable;

///

4

FIRST AMENDED COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

### (For Negligence – By Plaintiff Evangeline Kientz Against All Defendants)

20.     Plaintiffs incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

21.     At all times mentioned herein, Defendants Amazon and Does 1 through 100, inclusive, had a duty of reasonable care to all potential purchasers of their children's toy products to properly design, manufacture, assemble, install, fabricate, develop, distribute, advertise, sell, maintain, service, replace, modify, advise and warn with regard to the subject toy.

22.     Said Defendants, and each of them, negligently failed to properly design, manufacture, assemble, install, fabricate, develop, distribute, advertise, sell, maintain, service, replace, modify, advise and warn with respect to the defects in the subject toy.

23.     The negligent acts and omissions of said Defendants, and each of them, was the proximate and legal cause of the accident which injured the Plaintiff Evangeline thereby causing harm and damage to the Plaintiffs.

24.     As a result of the negligence of the defendants, and each of them, as aforesaid, Plaintiff Evangeline sustained personal injuries and damages including:

(a)     Injuries to her body and limbs, including severe burns to her esophagus, all to her general damage in a monetary sum;

(b)     Necessary medical expenses in an amount not yet fully ascertainable;

(c)     Necessary incidental expenses and other economic damages in an amount not yet fully ascertainable;

## THIRD CAUSE OF ACTION

### (For Breach of Warranty Implied Warranty of Merchantability
### By Plaintiff Evangeline Kientz Against All Defendants)

25.     Plaintiffs incorporate by this reference each of the allegations contained in the preceding of this Complaint as though fully set forth herein.

26.     Defendant Amazon and Does 1 through 100, and each of them, by and through the sale of the subject toy, impliedly warranted to the public and the Plaintiffs that the subject toy was

5

a children's toy and was fit for the ordinary purpose for which such children's toys are used, including use by young children, and was merchantable.

27.    The subject toy was used in a foreseeable manner, as alleged herein.  Plaintiff's parents relied on the implied warranty of merchantability in purchasing the subject toy.

28.    Defendants, and each of them, breached the implied warranty of merchantability in that the subject toy was not merchantable, not fit for the ordinary purpose for which the subject toy was used, and was not of the same quality of generally acceptable similar products because of its defective battery compartment and battery which rendered the subject toy unreasonably dangerous.

29.    Said Defendants' breach of warranty rendered the subject toy unreasonably dangerous and was a proximate cause of Plaintiffs' resulting injuries and damages.

30.    As a result of Defendants' breach of warranty, as aforesaid, Plaintiff Evangeline sustained personal injuries and damages including:

(a)    Injuries to her body and limbs, including severe burns to her esophagus, all to her general damage in a monetary sum;

(b)    Necessary medical expenses in an amount not yet fully ascertainable;

(c)    Necessary incidental expenses and other economic damages in an amount not yet fully ascertainable;

## **FOURTH CAUSE OF ACTION**

**(For Strict Liability for Failure to Warn – By Plaintiff Evangeline**

**Against All Defendants)**

31.    Plaintiffs incorporate by this reference each of the allegations contained in the preceding paragraphs of this Complaint as though fully set forth herein.

32.    At all times mentioned in this Complaint, Amazon and Does 1 through 100, inclusive, and each of them, were in the business of designing, manufacturing, marketing, selling, shipping, and distributing children's toys, including the subject toy, the "Orsen LCD Writing Tablet."

33.    Plaintiffs are informed and believe, that Defendant Amazon and Does 1 through 100, inclusive, and each of them, are online retailers that market and sell products to customers.

6

Defendants, and each of them, owed Plaintiff a duty to adequately warn or instruct of the potential risks posed by the subject toy that would not have been recognized by ordinary consumers. Defendants, and each of them, assumed such a duty of care to every potential retail purchaser and foreseeable use of the subject toy, including the Plaintiffs.

34.    At all times mentioned in this Complaint, the subject toy was dangerous in that the battery compartment was easily accessible, and the battery could too easily dislodge, posing a foreseeable risk to young children such as Plaintiff Evangeline. Such risks were known or knowable to Defendants, and each of them, but would not have been apparent or recognizable to ordinary consumers such as Plaintiffs.

35.    Plaintiffs are informed and believe, and thereon allege that Defendants, and each of them, breached the duty of care in that they failed to properly warn of the risks of the subject toy including, but not limited to the battery compartment and battery.

36.    The lack of sufficient warnings was a substantial factor in causing Plaintiff Evangeline's injuries, which are more particularly alleged above. Had Plaintiffs been adequately warned, they would not have purchased the subject toy, and Plaintiffs Kristin and Jason would not have allowed their children to play with the subject toy.

37.    As a result of Defendants' failure to warn, as aforesaid, Plaintiff Evangeline sustained personal injuries and damages including:

(a)    Injuries to her body and limbs, including severe burns to her esophagus, all to her general damage in a monetary sum;

(b)    Necessary medical expenses in an amount not yet fully ascertainable;

(c)    Necessary incidental expenses and other economic damages in an amount not yet fully ascertainable;

///
///
///
///
///

7

## **FIFTH CAUSE OF ACTION**

**(For Negligent Infliction of Emotional Distress – By Plaintiffs Kristin Kientz and Jason Kientz Against All Defendants)**

35.     Plaintiffs incorporate by this reference each of the allegations contained in the preceding Paragraphs of this Complaint as though fully set forth herein.

36.     Plaintiffs Kristin and Jason bring this cause of action for their severe emotional distress as bystander victims to Plaintiff Evangeline Kientz's injuries.

37.      Defendants, and each of them, had a legal duty to Plaintiffs, as foreseeable victims, to exercise reasonable care as set forth herein.  Defendants' breach was the legal and proximate cause of the injuries and damages suffered by Plaintiff Evangeline Kientz, as alleged above.

39.     Additionally, Defendants, and each of them, negligently caused severe emotional distress to Plaintiffs Kristin and Jason. Plaintiffs Kristin and Jason were present when Evangeline was choking on the battery and watched the horrific scene in person. Plaintiffs were aware that their loved one, their daughter Evangeline, was injured.  The Defendants' conduct was a substantial factor in causing Plaintiffs Kristin and Jason's serious emotional distress.

40.     Because of the conduct of the Defendants, and each of them, and as a direct and proximate result thereof, Plaintiffs Kristin and Jason have sustained severe emotional distress including but not limited to anxiety, fear, nervousness, shock, horror and worry, all to Plaintiffs Kristin and Jason's general damage in a sum to be determined at the time of trial.

///
///
///
///
///
///
///
///

FIRST AMENDED COMPLAINT FOR DAMAGES

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants, and each of them, as follows:

1.      General Damages;

2.      Past medical and incidental expenses incurred;

3.      Future medical and incidental expenses;

4.      Actual loss of earnings according to proof and loss of earning capacity;

5.      For costs of suit incurred herein; and,

6.      For such other and further relief as the court may deem just and proper.

DATED: September 13, 2021                 JOHNSTON & HUTCHINSON LLP

By:    /s/Brian Needelman
       THOMAS J. JOHNSTON
       NICHOLAS M. HUTCHINSON
       LAUREN BULLOCK
       BRIAN NEEDELMAN
       Attorneys for Plaintiffs


## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a trial by jury on all issues so triable.

DATED: September 13, 2021                 JOHNSTON & HUTCHINSON LLP

By:    /s/Brian Needelman
       THOMAS J. JOHNSTON
       NICHOLAS M. HUTCHINSON
       LAUREN BULLOCK
       BRIAN NEEDELMAN
       Attorneys for Plaintiffs

9

## PROOF OF SERVICE

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Ave., Suite 2220, Los Angeles, CA 90071.

On September 13, 2021, I served the foregoing documents described as **FIRST AMENDED COMPLAINT** on all interested parties in this action in the following manner:

☐     **BY U.S. MAIL:**  I am familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     **BY FACSIMILE:**  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

☐     **BY OVERNIGHT MAIL:**  I caused said document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐     **BY PERSONAL SERVICE:**  By causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth on the attached service list.

☑     **BY ELECTRONIC SERVICE**: I caused the above document to be sent to the listed addressee(s) in the attached service list via electronic service from the email address of cd@johnstonhutchinson.com

☑     (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 13, 2021 at Los Angeles, California.

_____
CHRISTINE DO

**FIRST AMENDED COMPLAINT**

## SERVICE LIST

Julie L. Hussey, Esq.
Ross E. Bautista, Esq.
PERKINS COIE LLP
11452 El Camino Real, Ste. 300
San Diego, CA 92130

Telephone: (858) 720-5700
Facsimile: (858) 720-5799
Email: jhussey@perkinscoie.com; rbautista@perkinscoie.com

**Attorneys for Defendant AMAZON.COM SERVICES LLC**

**FIRST AMENDED COMPLAINT**

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: <br> Thomas J. Johnston, SBN 210506 <br> 350 S. Grand Ave., Suite 2220 <br> Los Angeles, CA 90071 <br><br> TELEPHONE NO.: 213-542-1978     FAX NO. *(Optional)*: 213-542-1977 <br> E-MAIL ADDRESS *(Optional)*: tjj@johnstonhutchinson.com <br> ATTORNEY FOR *(Name)*: Plaintiffs | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Spring Street Courthouse

PLAINTIFF/PETITIONER: Evangeline Kientz et al.

DEFENDANT/RESPONDENT: Amazon.com Services LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: <br> 21STCV20659 |
|---|---|

TO *(insert name of party being served)*: Amazon.com Services LLC

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

September 13, 2021                              /s/Brian Needelman
_____         _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☒  A copy of the summons and of the complaint.
2. ☐  Other *(specify)*:

*(To be completed by recipient)*:

Date this form is signed:

_____         _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                     ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov

JOHNSTON & HUTCHINSON LLP
350 South Grand Ave., Suite 2220
Los Angeles, CA 90071
Telephone:    (213) 542-1978
Facsimile:    (213) 542-1977
Thomas J. Johnston SBN 210506
*tjj@johnstonhutchinson.com*
Nicholas M. Hutchinson SBN 221870
*nmh@johnstonhutchinson.com*
Lauren Bullock SBN 136867
*lb@johnstonhutchinson.com*
Brian F. Needelman, SBN 284670
*bfn@johnstonhutchinson.com*

*Attorneys for Plaintiffs*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| EVANGELINE KIENTZ, a minor, by and through her Guardian ad Litem KRISTIN KIENTZ; KRISTIN KIENTZ, an individual; and JASON KIENTZ, an individual;<br><br>                    Plaintiffs,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; SHENZHENSHILUKEJINCHUKOU CO., LTD, a foreign limited company doing business as LUKE DIRECT; and DOES 1 through 100, inclusive,<br><br>                    Defendants. | CASE NO. 21STCV20659<br><br>**NOTICE OF COURT ORDER**<br><br>Complaint Filed: June 2, 2021<br>Trial Date: November 30, 2022<br>Judge: Hon. Edward B. Moreton |

1

**NOTICE OF COURT ORDER**

**TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE the Court made the following Order, dated September 2, 2021. A copy of the Court Order is attached hereto as **Exhibit 1.**

DATED: September 13, 2021                    JOHNSTON & HUTCHINSON LLP

                                   By:  /s/Brian Needelman
                                        _____
                                        THOMAS J. JOHNSTON
                                        NICHOLAS M. HUTCHINSON
                                        LAUREN BULLOCK
                                        BRIAN NEEDELMAN
                                        Attorneys for Plaintiffs

**NOTICE OF COURT ORDER**

EXHIBIT 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 27

**21STCV20659**                                             September 2, 2021
**EVANGELINE KIENTZ, BY AND THROUGH GAL, et al. vs**          8:30 AM
**AMAZON.COM SERVICES LLC, A DELAWARE LIMITED**
**LIABILITY COMPANY, et al.**

Judge: Honorable William A. Crowfoot          CSR: None
Judicial Assistant: J. Fletes                 ERM: None
Courtroom Assistant: None                     Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Re: Notice of Remand from Federal Court

The matter is not called for hearing.

The Court has received a Notice of Remand from Federal Court filed on 08/17/2021.

The Court hereby reinstated the case in its entirety.

On the Court's own motion, the Status Conference Re: Case Removal to Federal Court scheduled for 11/09/2021 is vacated .

Final Status Conference is scheduled for 11/16/2022 at 10:00 AM in Department 27 at Spring Street Courthouse.

Non-Jury Trial is scheduled for 11/30/2022 at 08:30 AM in Department 27 at Spring Street Courthouse.

Order to Show Cause Re: Dismissal is scheduled for 05/29/2024 at 08:30 AM in Department 27 at Spring Street Courthouse.

The clerk is to give notice to Plaintiff, who is to give notice.

Certificate of Mailing is attached.

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/02/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Fletes _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Evangeline Kientz, by and through GAL  et al | |
| DEFENDANT/RESPONDENT:<br>Amazon.com Services LLC, a Delaware limited liability company et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV20659 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order Re: Notice of Remand from Federal Court) of 09/02/2021  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Brian Fred Needelman
350 S Grand Ave Suite 2220
Los Angeles, CA  90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 09/2/2021                    By: __J. Fletes_____
                                         Deputy Clerk

**CERTIFICATE OF MAILING**

## <u>PROOF OF SERVICE</u>

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Ave., Suite 2220, Los Angeles, CA 90071.

On September 13, 2021, I served the foregoing documents described as **NOTICE OF COURT ORDER** on all interested parties in this action in the following manner:

☐      **BY U.S. MAIL:**  I am familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐      **BY FACSIMILE:**  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

☐      **BY OVERNIGHT MAIL:**  I caused said document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐      **BY PERSONAL SERVICE:**  By causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth on the attached service list.

☑      **BY ELECTRONIC SERVICE**: I caused the above document to be sent to the listed addressee(s) in the attached service list via electronic service from the email address of cd@johnstonhutchinson.com

☑      (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 13, 2021 at Los Angeles, California.

_____
CHRISTINE DO

3

**PROOF OF SERVICE**

## SERVICE LIST

Julie L. Hussey, Esq.
Ross E. Bautista, Esq.
PERKINS COIE LLP
11452 El Camino Real, Ste. 300
San Diego, CA 92130

Telephone: (858) 720-5700
Facsimile: (858) 720-5799
Email: jhussey@perkinscoie.com; rbautista@perkinscoie.com

**Attorneys for Defendant AMAZON.COM SERVICES LLC**

**PROOF OF SERVICE**

**SUM-100**

| | |
|---|---|
| **SUMMONS** FOR FIRST AMENDED COMPLAINT<br>*(CITACION JUDICIAL)* | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM SERVICES LLC, a Delaware limited
liability company; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

EVANGELINE KIENTZ, a minor, by and through her
Additional Parties Attachment Form is Attached

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):*<br>21STCV20659 |

Los Angeles Superior Court
312 N. Spring Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

 Thomas J. Johnston, 350 S. Grand Ave., Suite 2220, Los Angeles, CA  90071, (213)542-1978

| | | |
|---|---|---|
| DATE:<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

SUM-200(A)

| SHORT TITLE:<br>  KIENTZ, et al. vs. AMAZON, et al. | CASE NUMBER:<br>21STCV20659 |
|---|---|

**INSTRUCTIONS FOR USE**

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

[✓] Plaintiff      [ ] Defendant      [ ] Cross-Complainant      [ ] Cross-Defendant

Guardian ad Litem KRISTIN KIENTZ; KRISTIN KIENTZ, an individual; and JASON KIENTZ, an individual,

Page _____ of _____

**Page 1 of 1**

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

JOHNSTON & HUTCHINSON LLP
350 South Grand Ave., Suite 2220
Los Angeles, CA 90071
Telephone:    (213) 542-1978
Facsimile:    (213) 542-1977
Thomas J. Johnston SBN 210506
*tjj@johnstonhutchinson.com*
Nicholas M. Hutchinson SBN 221870
*nmh@johnstonhutchinson.com*
Lauren Bullock SBN 136867
*lb@johnstonhutchinson.com*
Brian F. Needelman, SBN 284670
*bfn@johnstonhutchinson.com*

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| EVANGELINE KIENTZ, a minor, by and through her Guardian ad Litem KRISTIN KIENTZ; KRISTIN KIENTZ, an individual; and JASON KIENTZ, an individual;<br><br>          Plaintiffs,<br><br>vs.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company; SHENZHENSHILUKEJINCHUKOU CO., LTD, a foreign limited company doing business as LUKE DIRECT; and DOES 1 through 100, inclusive,<br><br>          Defendants. | CASE NO. 21STCV20659<br><br>**NOTICE OF POSTING JURY FEES**<br><br>Complaint Filed: June 2, 2021<br>Trial Date: November 30, 2022<br>Judge: Hon. Edward B. Moreton |

*///*

*///*

1

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Evangeline Kientz, by and through her guardian ad litem Kristen Kientz and Jason Kientz, hereby deposits jury fees in the amount of $150.00 pursuant to CCP § 631(b).

DATED: September 13, 2021                                JOHNSTON & HUTCHINSON LLP



                                                    By:    /s/Brian Needelman
                                                        _____
                                                        THOMAS J. JOHNSTON
                                                        NICHOLAS M. HUTCHINSON
                                                        LAUREN BULLOCK
                                                        BRIAN NEEDELMAN
                                                        Attorneys for Plaintiffs

2

**NOTICE OF POSTING JURY FEES**

## **PROOF OF SERVICE**

*STATE OF CALIFORNIA, COUNTY OF LOS ANGELES*

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 350 South Grand Ave., Suite 2220, Los Angeles, CA 90071.

On September 13, 2021, I served the foregoing documents described as **NOTICE OF POSTING JURY FEES** on all interested parties in this action in the following manner:

☐     **BY U.S. MAIL:**  I am familiar with this firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     **BY FACSIMILE:**  In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

☐     **BY OVERNIGHT MAIL:**  I caused said document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

☐     **BY PERSONAL SERVICE:**  By causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth on the attached service list.

☑     **BY ELECTRONIC SERVICE**: I caused the above document to be sent to the listed addressee(s) in the attached service list via electronic service from the email address of cd@johnstonhutchinson.com

☑     (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 13, 2021 at Los Angeles, California.

_____
CHRISTINE DO

3

**NOTICE OF POSTING JURY FEES**

## SERVICE LIST

Julie L. Hussey, Esq.
Ross E. Bautista, Esq.
PERKINS COIE LLP
11452 El Camino Real, Ste. 300
San Diego, CA 92130

Telephone: (858) 720-5700
Facsimile: (858) 720-5799
Email: jhussey@perkinscoie.com; rbautista@perkinscoie.com

**Attorneys for Defendant AMAZON.COM SERVICES LLC**

4

**NOTICE OF POSTING JURY FEES**